IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**V.**                  **CASE NO. 5:16-CR-50045-001**

**JIMMY DALE KING**                                                      **DEFENDANT**

**OPINION AND ORDER**

Currently before the Court is Defendant Jimmy Dale King's *pro se* Motion for Compassionate Release (Doc. 33). The Court directed the Government to file a response, and the Government did so. *See* Doc. 35. Now that the Motion is ripe, the Court finds that it should be **DENIED** for the reasons explained below.

**I. BACKGROUND**

On April 6, 2017, Mr. King was sentenced after pleading guilty to one count of possession with the intent to distribute a controlled substance, namely methamphetamine. The Court sentenced Mr. King to 100 months of imprisonment, a 3-year term of supervised release, a $2,400 fine, and a $100 special assessment (Doc. 27). This sentence represented a downward variance from the original Guideline sentencing range of 130 to 162 months, which was calculated based on the significant quantity of methamphetamine possessed by Mr. King along with his criminal history category of VI. *See* Doc. 23, ¶ 78–80.

Mr. King is currently incarcerated at FMC Fort Worth with a projected release date of November 5, 2023. Mr. King asserts that FMC Fort Worth has had over 600 COVID-19 cases as of August 14, 2020. (Doc. 33). He has served approximately 49 months of his original 100-month sentence but now moves for compassionate release under 18

U.S.C. § 3582(c)(1) due to the COVID-19 pandemic, his Stage 2 hypertension, and his high cholesterol. *Id.*

## II. LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). Application Note 1(A)(ii)(I) of USSG § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Application Note 1(B) notes that age may also be a basis for early release if the defendant "(i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has

2

served at least 10 years or 75 percent of his term of imprisonment, whichever is less." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

## III. DISCUSSION

The Court's ability to rule on Mr. King's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release—whichever event is sooner. *See United States v. Carter*, 2020 WL 3458598, at *2 (S.D.W. Va. June 25, 2020) ("the 'lapse of 30 days' provision has nothing to do with whether the warden grants or denies the inmate's request for compassionate release, but simply sets the amount of days an inmate has to wait before petitioning the court"). Here, Mr. King alleged that he sent an administrative remedy request to the warden in March or April at the beginning of the COVID-19 pandemic. *See* Doc. 33. However, Mr. King does not lay out any facts stating what the request was regarding, does not know when he sent the request or if the warden responded to it, and did not attach a copy of his request to his Motion. *See* Doc. 33. Moreover, neither the Government nor the Bureau of Prisons have any record of Mr. King requesting compassionate release. *See* Doc. 35-1. Thus, on the record before it, the Court cannot conclude that Mr. King has satisfied the threshold exhaustion requirement and must deny Mr. King the relief that he seeks.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Jimmy Dale King's *pro se* Motion for Compassionate Release (Doc. 33) is **DENIED** without prejudice.

**IT IS SO ORDERED** on this 2nd day of December, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE